United States Courts Southern District of Texas
FILED
*April 25, 2023*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BELLE STATION, LLC d/b/a BELLE STATION,** § § §<br>Plaintiff, § § |  |  |
| v. § § | CIVIL ACTION NO.: 4:23-CV-00823 |  |
| **MOUNT VERNON FIRE INSURANCE COMPANY,** § § § <br>Defendant. § | JURY TRIAL REQUESTED |  |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, BELLE STATION, LLC d/b/a BELLE STATION ("Plaintiff" or "Belle Station") and files this, *Plaintiff's First Amended Complaint,* complaining of Defendant Mount Vernon Fire Insurance Company ("Defendant" or "Mount Vernon"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### PARTIES

1. Plaintiff Belle Station, LLC is a Texas limited liability company doing business under the registered assumed name Belle Station in Houston, Texas in Harris County.

2. Defendant Mount Vernon Fire Insurance Company ("Mount Vernon") is a foreign insurance company engaging in the business of insurance in the State of Texas.

### VENUE AND JURISDICTION

3. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. The Court has jurisdiction over Defendant Mount Vernon because this defendant is a domestic insurance company that engages in the business of

insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

4. Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Plaintiff's business is located in Harris County, and the Commercial General Liability Insurance Policy at issue was sold in Harris County and/or through a Harris County agent. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## BACKGROUND FACTS

5. Plaintiff Belle Station is a high-end restaurant and bar located in Houston, Texas. Belle Station was the owner of Commercial General Liability Insurance Policies issued by Defendant Mount Vernon, including one policy effective from at least December 15, 2017 through December 15, 2018, Policy No. CP 2608767A (the "Policy"). *See* Exhibit A, Mount Vernon Policy, attached hereto and incorporated herein. The Policy provides coverage limits of $1,000,000.00 per occurrence. *Id*.

6. Pursuant to the Policy, Mount Vernon had the right and duty to defend Belle Station in the event that Belle Station was sued for damages for "bodily injury" or "property damage" arising out of Belle Station's business, during the policy period. *Id*.

7. On January 15, 2020, Belle Station was sued in the following lawsuit: Cause No. 2020-02523; *Jeremy Hughes v. Belle Station, LLC, et al.;* In the 113th Judicial District Court of Harris County, Texas. In addition to Belle Station, Hughes named three (3) individual police officers as defendants, David Buehring, Scott Cogburn, and Eleazar Agrait. Belle Station was served with citation and a copy of Hughes' Original Petition on March 5, 2020. Thereafter, on May 15, 2020, the suit was removed to federal district court where it is currently pending under Cause No. 4:20-cv-00905; *Jeremy Hughes v. Belle Station, LLC, et al.;* In the District Court for the Southern

District of Texas (Houston Division) (hereinafter collectively referred to as the "Underlying Lawsuit"). *See* Exhibit B, Hughes' Sixth Amended Complaint, attached hereto and incorporated herein.

8.  Hughes' pleading in the Underlying Lawsuit makes clear that Hughes seeks to recover damages for "bodily injury" and/or "property damage." *See* Ex. B, Pl.'s Sixth Am. Compl. at ¶¶ 13.01-13.03 (emphasis added).

9.  As the Underlying Lawsuit by Hughes seeks damages for "bodily injury" and "property damage" and arises out of "an occurrence," as defined under the Policy, Hughes' Sixth Amended Complaint contains the requisite coverage triggering language.

10. Belle Station's business activities, during the policy period. As such, Belle Station submitted a claim to Mount Vernon and against its commercial liability policy with the expectation that Mount Vernon would provide Belle Station a defense pursuant to the terms of the Policy and insurance contract between Mount Vernon and Plaintiff. Belle Station, as a business, maintains and pays for a liability insurance policy to protect itself in the event of precisely this type of suit—a suit by a patron of the business for personal or bodily injury arising out of Belle Station's business activities. To Plaintiff's surprise, Defendant Mount Vernon denied Plaintiff's claim and, to date, has refused to provide a defense to Belle Station in the Underlying Lawsuit.

11. In its final denial letter dated April 30, 2021, Defendant misrepresents the policy language, selectively quoting the definition of "an occurrence" under the Policy to exclude relevant language triggering coverage based on the Underlying Lawsuit. Specifically, Mount Vernon omits the fact that the Policy specifically affords coverage for an "Occurrence," meaning an accident and "including continuous or repeated exposure to substantially the same general harmful conditions."

12.     Despite the pleading in the Underlying Lawsuit including one or more claims for which coverage is afforded under the Policy, to this date, Mount Vernon continues in its wrongful denial of Plaintiff's claim. As such, Plaintiff has incurred substantial defense costs and continue to incur same and have suffered other damages and undue burden and hardship.

13.     Defendant Mount Vernon failed to perform its contractual duty to provide Plaintiff a defense in the Underlying Lawsuit under the terms of the Policy. Specifically, it refused to retain and pay a defense attorney to represent and defend Belle Station against the plaintiff's claims against Belle Station in the Underlying Lawsuit, although due demand was made for a defense by Plaintiff, and all conditions precedent to Mount Vernon's duty to defend under the Policy had been carried out and accomplished by Plaintiff. Mount Vernon's conduct constitutes a breach of the insurance contract between Mount Vernon and Plaintiff.

14.     Defendant Mount Vernon misrepresented to Plaintiff that the claims asserted against Belle Station in the Underlying Lawsuit were not claims for which defense costs were covered under the Policy, even though the claim was co was caused by a covered occurrence. Defendant Mount Vernon's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

15.     Defendant Mount Vernon failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Mount Vernon's, conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

16.     Defendant Mount Vernon failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the

statutorily mandated time of receiving notice of Plaintiff's claim. Mount Vernon's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

17. Defendant Mount Vernon failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Mount Vernon's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

18. Defendant Mount Vernon failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. Mount Vernon's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

19. As a result of Defendant Mount Vernon's wrongful acts and omissions, including the wrongfully denial of Plaintiff's proper claim for coverage, even though the Policy provided coverage for Plaintiff's claim, Plaintiff has incurred substantial defense costs and continues to incur same and has suffered other damages and undue burden and hardship. Furthermore, as a direct result of Defendant's violations of the Insurance Code and breach of contract, Plaintiff has suffered additional damages as it has been forced to retain the professional services of the attorney and law firm who are representing it with respect to these causes of action, requiring Plaintiff to submit a retainer payment and pay a reasonable hourly rate for attorney and paralegal time expended and other litigation costs incurred to prosecute Plaintiff's claims against Defendant made the basis of this suit.

## CAUSES OF ACTION:

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

20. The subject Policy is a valid and enforceable insurance contract between Plaintiff and Mount Vernon that sets forth contractual obligations on the part of each. Plaintiff substantially performed under the insurance contract by paying premiums, promptly reporting the Underlying Lawsuit to Mount Vernon, and cooperating to provide information and documents as requested by Mount Vernon in the course of its investigation and determination of Plaintiff's claim. Mount Vernon materially breached the insurance contract by refusing to fulfill its duty to defend Belle Station in the Underlying Lawsuit, even though Hughes' claims therein in part by failing to perform under the contract and fulfilling its duty to defend Plaintiff in the Underlying Lawsuit, even though Hughes' claims for "bodily injury" and "property damage" from a covered "occurrence" "arising out of [Belle Station's] business" during the policy period, subject to the limits of coverage under the Policy and so long as no exclusions in the Policy bar coverage.

21. Plaintiff's defense costs incurred in connection with defending claims for personal injury in the Underlying Lawsuit are covered under the Policy, and no exclusions apply to negate coverage.

22. Defendant Mount Vernon breached the insurance contract with Plaintiff by failing to provide Plaintiff a defense in the Underlying Lawsuit and refusing to pay the defense costs Plaintiff has incurred in defending the Underlying Lawsuit upon tender of a demand and presentment thereof, even though Plaintiff's claim for a defense to the Underlying Lawsuit was covered by the Policy.

23. Defendant Mount Vernon's failure and/or refusal as described herein to provide Plaintiff a defense and/or otherwise satisfy its contractual duty to defend Plaintiff in the Underlying Lawsuit,

as it is obligated to do under the terms of the Policy and under the laws of the State of Texas, constitutes a breach of Mount Vernon's insurance contract with Plaintiff.

### SECOND CAUSE OF ACTION:
### VIOLATIONS OF CHAPTER 542 OF TEXAS INSURANCE CODE: PROMPT PAYMENT ACT

24. Defendant Mount Vernon's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

25. Defendant Mount Vernon's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

26. Defendant Mount Vernon's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

27. Defendant Mount Vernon's delay in providing Plaintiff a defense or paying Plaintiff's defense costs following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### SECOND CAUSE OF ACTION: NONCOMPLIANCE WITH CHAPTER 541 OF THE TEXAS INSURANCE CODE - UNFAIR SETTLEMENT PRACTICES

28. Defendant Mount Vernon's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

29. Defendant Mount Vernon's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

30. Defendant Mount Vernon's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Mount Vernon's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

**DAMAGES**

31. Plaintiff hereby adopts and incorporates by reference each of the foregoing paragraphs, as if set forth herein in full.

32. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

33. As previously mentioned, Plaintiff has incurred defense costs, including reasonable attorney's fees, as a result of Defendant's wrongful denial of Plaintiff's claim and refusal to provide Plaintiff a defense in the Underlying Lawsuit despite its duty to defend under the Policy. Non-payment of Plaintiff's defense costs has caused undue hardship and burden to Plaintiff and caused Plaintiff to suffer further damages. These damages are a direct result of Defendant's actionable conduct under the Texas Insurance Code and in violation of Texas law.

34. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim for policy benefits, together with attorney's fees. Pursuant to the Texas Civil

Practice & Remedies Code. Plaintiff presented to Defendant its claim, together with written notice of its claims under the Texas Insurance Code, to Defendant, and Defendant has not tendered performance or payment of just amounts owed to Plaintiff before the expiration of the requisite time-period following Plaintiff's presentment of the claim. TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003. Furthermore, Plaintiff specifically pleads and seeks recovery for all reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any and all appeals to any courts of appeal.

35.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees. For knowing and/or intentional conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

36.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff specifically states that it is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

37.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. , Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this suit, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

38. Plaintiff hereby files and serves on all parties its written demand for a jury trial on any issue triable of right by a jury, in accordance with Rules 5(d) and 38(b) of the Federal Rules of Civil Procedure.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Belle Station, LLC d/b/a Belle Station prays that, upon trial or final hearing hereof, said Plaintiff have and recover from Defendant Mount Vernon Fire Insurance Company such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, special and consequential damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of reasonable and necessary attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

McLaurin Law, PLLC

/s/ Jason C. McLaurin
Jason C. McLaurin
jmclaurin@mdlawtex.com
Texas Bar No. 24060268
Ghazzaleh Rezazadeh
ghazzaleh@mdlawtex.com
Texas Bar No. 24072301
4544 Post Oak Place Dr., Suite 350
Houston, Texas 77027
713.461.6500
832.501.9978 fax
E-service Email: eservice@mdlawtex.com

                                        **ATTORNEYS FOR PLAINTIFF BELLE STATION, LLC d/b/a BELLE STATION**